<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY J. DIAZ, <br><br> Plaintiff, <br><br> v. <br><br> M. BULLOCK, et al. <br><br> Defendants. | Civil Action No. 13–5192 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendants Prince George's County Sheriff's Office ("PGC Sheriff's Office"), Investigator Sesker ("Sesker"), and Investigator Barrow ("Barrow") (collectively, "Defendants")' motion to dismiss Plaintiff Timothy J. Diaz's ("Plaintiff")'s Amended Complaint pursuant to Rules 12(b)(2)[1] and 12(b)(6) of the Federal Rules of Civil Procedure. [CM/ECF No. 47.] The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion to dismiss is granted. Plaintiff's Amended Complaint is dismissed as to Defendants PGC Sheriff's Office, Sesker, and Barrow for lack of personal jurisdiction.

**I.   BACKGROUND**

On July 14, 2013, Plaintiff Timothy Diaz was arrested by South Plainfield Police Department officers pursuant to a Maryland warrant allegedly for another "Timothy Diaz." (Am.

---

[1] Though Defendants only move to dismiss pursuant to Rule 12(b)(6), based on their jurisdictional arguments, it is apparent that they also intended to move for dismissal under Rule 12(b)(2).

1

Compl. ¶¶14-15.) Though Plaintiff's date of birth, height, weight, and social security number were different than those stated in the warrant, he was processed by the South Plainfield Police Department and transported to the Middlesex County Correctional Facility. (*Id.* at ¶¶15-18; 20.) Plaintiff was held in the correctional facility for eight days even though the right person being sought by the Maryland warrant was arrested. (*Id.* at ¶23.)

Plaintiff alleges that Sesker and Barrow negligently "inputt[ed] the incorrect data into the computer system about Timothy J. Diaz who was wanted in Maryland which lead[] to the false arrest of Plaintiff Timothy J. Diaz." (*Id.* at ¶56.) He also alleges that the PGC failed to notify the South Plainfield Police Department in New Jersey of the other "Timothy Diaz" arrest or to rescind the warrant. (*Id.* at ¶24.) In his Amended Complaint, Plaintiff asserts a claim of negligence (Count V) and a violation of 42 U.S.C. §1983 (Count VI) against Defendants.

Plaintiff filed his original Complaint in Superior Court of New Jersey, Law Division in Middlesex County. [CM/ECF No. 1.] On August 29, 2013, the case was removed to this Court on the basis of Plaintiff's assertion of a violation of §1983, for which this Court has original jurisdiction pursuant to 28 U.S.C. §1331. (*Id.*) Plaintiff added Defendants PGC Sheriff's Office, Sesker, and Barrow to his Amended Complaint on June 19, 2014. [CM/ECF No. 32.] Defendants filed a motion to dismiss on August 25, 2014. [CM/ECF No. 47.]

## II.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly.* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir. 1994).

The Federal Rules of Civil Procedure states that a defendant may move to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Once a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l. Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987); *see also Mellon Bank (East) PSFS, Nat'l Assn. v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992) ("[T]he plaintiff [must] come forward with sufficient facts to establish that jurisdiction is proper.").

Pursuant to 28 U.S.C. § 1332, a federal district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *See O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007); *Provident Nat'l Bank v. Cal. Fed.*

3

*Sav. & Loan Ass'n,* 819 F.2d 434, 436 (3d Cir. 1987); Fed. R. Civ. P. 4(k). New Jersey's long-arm statute allows a court to exercise personal jurisdiction over non-resident defendants to the full extent allowed under the due process requirements of the United States Constitution. *See* N.J.Ct. R. 4:4–4; *Eaton Corp. v. Maslym Holding Co.,* 929 F.Supp. 792, 796 (D.N.J. 1996). Accordingly, a party's amenability to suit in New Jersey "must be judged by Fourteenth Amendment standards." *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 284 (3d Cir. 1981).

To comply with the due process clause of the Fourteenth Amendment, a court must employ a two-part analysis. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.,* 75 F.3d 147, 150 (3d Cir.1995). First, a court may not exercise personal jurisdiction over a non-resident defendant unless the defendant has certain 'minimum contacts' with the forum. *World–Wide Volkswagen Corp.v. Woodson,* 444 U.S. 286, 291 (1980). To find 'minimum contacts,' a court must determine that the defendant has purposefully directed its activities towards the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Thus, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Second, if 'minimum contacts' are shown, "jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice'" *Vetrotex,* 75 F.3d at 150–51 (citing *Int'l Shoe v. Washington,* 326 U.S. 310, 326 (1945)).

Minimum contacts may give rise to two types of personal jurisdiction: general jurisdiction and specific jurisdiction. To establish general jurisdiction, a plaintiff must demonstrate that a defendant "engaged in 'continuous and systemic' contacts with the forum state." *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3d Cir. 1992). Specific jurisdiction

is appropriate where "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico,* 563 F.3d 1285, 1291 (Fed. Cir. 2009). "The first two factors correspond with the 'minimum contacts' prong of the Supreme Court's *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir. 2001).

### III. DISCUSSION

A. Claim of Negligence and Violation of 42 U.S.C. §1983 (Counts V and VI) as to Defendant Prince George's County Sheriff's Office.

Plaintiff asserts Counts V and VI against the Prince George's County Sheriff's Office. Defendants argue that these claims should be dismissed as to this Defendant because the PGC Sheriff's Office is not a separate legal entity that can be sued. (Def. Br. 5) (quoting *Boyers v. State,* 323 Md. 558, 572, n. 9 (1991)) ("The sheriff for each county is a constitutional officer under Art. IV, §44, of the Constitution of Maryland. Neither the Constitution nor any other provision of law of which we are aware creates a governmental agency known as the 'Sheriff's Department.' Consequently, the motion for summary judgment on behalf of the Charles County 'Sheriff's Department' correctly asserted that [the department] is not an entity capable of being sued.").

Plaintiff concedes this point. (Pl. Br. 2.) He argues, however, that for the purpose of a §1983 suit, "a sheriff may sometimes be treated as a . . . local official," making him or her susceptible to liability. This argument is without merit because Plaintiff incorrectly uses "Sheriff" and "Sheriff's Office" interchangeably. Plaintiff sued the Prince George's County Sheriff's Office, not the Sheriff of that county. His arguments about whether or not a sheriff can be sued under §1983 has no bearing on whether his claim can proceed against Prince George's County

5

Sheriff's Office. Because Plaintiff concedes that the "Sheriff's Office" is not a separate legal entity that can be sued, Counts V and VI are dismissed as to this Defendant.

B. Claim of Negligence and Violation of 42 U.S.C. §1983 as to Defendants Sesker and Barrow.

Defendants argue that this Court does not have personal jurisdiction over Defendants Sesker and Barrow. This Court agrees. Plaintiff has not met his burden of establishing personal jurisdiction because he has not provided this Court with sufficient facts to establish with reasonable particularity that jurisdiction is proper. *Provident Nat'l. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). In fact, Plaintiff did not respond to Defendants' jurisdictional arguments at all, which constitutes a waiver of this issue. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 212 (2004) (deeming an argument waived when the "[r]espondent did not identify this possible argument in their brief in opposition"); *see also Gen. Motors LLC v. Englewood Auto Grp., LLC*, No. 13–4666, 2014 WL 4441769, at *5 (D.N.J. Sept. 9, 2014) (plaintiff waived counts where the failed to respond to an argument contained in a motion to dismiss). Still, this Court considered the merits of Defendants' arguments in deciding that it does not have either general or specific jurisdiction over Sesker and Barrow.

Plaintiff has not alleged sufficient facts to meet the threshold for establishing general jurisdiction. A plaintiff seeking to establish general jurisdiction faces a higher burden than is required to establish specific jurisdiction and "must show significantly more than mere minimum contacts." *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1195, 1209 (D.N.J. 1993). In order to exercise general jurisdiction over a nonresident defendant, a court must determine that the defendant's contacts with the forum were "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414 (1984). Put differently, it must be the case that "the defendant has purposefully directed its activities toward residents of the

6

forum state or otherwise purposefully availed itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *IMP Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998) (internal quotations and citations omitted). "The threshold for establishing general jurisdiction is very high, and requires a showing of extensive and pervasive facts demonstrating connections with the forum state." *Clark Capital Mgmt. Grp., Inc. v. Navigator Invs., LLC,* No. 06–2334, 2006 WL 2707392, at *4 (E.D.Pa. 2006) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.,* No. 04–2436, 2005 WL 994617, at *2 (E.D.Pa. Apr.28, 2005)); *see Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 633 (D.N.J. 2004) ("However, general jurisdiction requires 'a very high threshold of business activity.'") (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.,* 651 F.2d 877, 891 n. 2 (3d Cir. 1981)). If continuous and systematic contacts with the forum state are shown, personal jurisdiction is proper even if the cause of action arises from non-forum contacts. *Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.,* 746 F.2d 208, 211 (3d Cir. 1984).

The Amended Complaint does not contain any facts showing that Sesker or Barrow did anything in New Jersey or that either of them directed their conduct at the State. Moreover, it does not contain facts showing that Defendants purposefully availed themselves "of the privilege of conducting activities within the forum State[.]" *Kiekert AG,* 155 F.3d at 259. Plaintiff only alleges that Sesker and Barrow either entered incorrect information into a database or failed to remove information from it in Maryland. (Am. Compl. ¶¶55-59.) Entry of information into a "national database" in Maryland, however, "does not count as a contact with the State of New Jersey." *Turner v. Boyle,* No. 12–7224, 2013 WL 1409903, at *4 (D.N.J. Apr. 8, 2013).

Regarding specific jurisdiction, Defendants argues that, because Plaintiff asserts a §1983 claim against Sesker and Barrow, the standard for determining whether this Court has specific

7

jurisdiction over the Defendants is the same as for intentional torts. In support of this argument, Defendant relies on *Marten v. Godwin*, in which the Third Circuit applied the first prong of the "effects test" for determining specific jurisdiction for intentional torts to a §1983 claim. 499 F.3d 290, 297 (3d Cir. 2007). The *Marten* court, however, noted that the party challenging jurisdiction did not "dispute that personal jurisdiction for the retaliation claim can be analyzed under the effects test." *Id.* at 299 n. 3.

Still, determining which test for specific jurisdiction applies to this case is unnecessary to resolve this issue since Plaintiff fails show that this Court has specific jurisdiction over Sesker and Barrow under either test. The third element of the "effects test" requires a plaintiff to show that "[t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." Similarly, the first element of the traditional test requires a showing that "the defendant purposefully directed its activities at residents of the forum[.]"*Synthes,* 563 F.3d at 1291.

The Amended Complaint does not allege any facts showing that Defendants Sesker and Barrow purposefully directed, or expressly aimed, their activities at New Jersey. Not only did all of their alleged conduct take place in Maryland, (*See* Am. Compl. ¶¶55-59), but there is also no indication in the Amended Complaint that they intended for their actions to have any effect in New Jersey. Again, Plaintiff only alleges that Sesker and Barrow either entered incorrect information into a database or failed to remove information from it in Maryland. (Am. Compl. ¶¶55-59.) As explained above, this is insufficient to establish a contact with New Jersey. *See Turner*, 2013 WL 1409903 at *4 (holding that the entry of information into a "national database" outside of New Jersey does not constitute a contact with this State).

Because Plaintiff has not met his burden of establishing this Court's personal jurisdiction over Sesker and Barrow, Counts V and VI of the Amended Complaint are dismissed as to these Defendants.

## IV.   CONCLUSION

Based on the reasons set forth above, Defendants' motion to dismiss [CM/ECF No. 47] is granted. Plaintiff's Amended Complaint is dismissed as to Defendants PCC Sheriff's Office, Sesker, and Barrow.

An appropriate Order accompanies this Opinion.

                                                         Jose L. Linares
                                                         United States District Judge

Dated: October 10, 2014